UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES WILLETT, et al.                                                                                                    PLAINTIFFS

v.                                                                                          CIVIL ACTION NO. 3:07-CV-58-S

INSIGHT COMMUNICATIONS CO.                                                                         DEFENDANT

## MEMORANDUM OPINION

This matter is before the court upon the motion of the defendant, Insight Communications Company ("Insight"), for summary judgment.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

For the reasons stated herein, Insight's motion will be granted.

- 2 -

## BACKGROUND

The plaintiffs, James Willett and J.J. Johnson, initially filed this action in the Jefferson Circuit Court. Insight removed to this court on the basis of diversity jurisdiction. Plaintiffs assert two claims against their former employer: (1) that they were terminated by Insight because of their age and (2) that Insight was negligent in hiring, training, supervising, and retaining its agents in that those agents terminated Plaintiffs because of their age. Plaintiffs are unequivocal that their claims are brought entirely under state law.

## ANALYSIS

Insight asserts that Plaintiffs' suit "is due to be dismissed since it is uncontested that, upon termination, both Plaintiffs signed enforceable release agreements which cover the claims brought in this suit." The court agrees with Insight's assertion. Under paragraph four of the Confidential Separation and Release Agreement referred to by Insight and signed by Plaintiffs, Plaintiffs agree that "in exchange for the considerations" made to them, they release Insight:

> from any and all claims, lawsuits, and other legal actions of any type whatsoever . . . based on events or circumstances arising at any point in the past up to the date of this Agreement. This release of claims includes, but is not limited to, breach of contract, wrongful discharge, sex discrimination, intentional or negligent infliction of emotional injury, or any other facts or facts; under federal, state, or local law, AGE DISCRIMINATION under federal, state or local law, including the Age Discrimination in Employment Act, 29 U.S.C. Section 621 *et seq.*; the Older Workers Benefit Protection Act of 1990, Title VII of the Civil Rights Act of 1964; the United States Constitution . . .

Similar language is repeated in paragraph eight of the Agreement in capital letters.

Plaintiffs' claims are clearly covered by this Agreement. Their claims stem from the termination of their employment with Insight, and thus are "based on events or circumstances arising at any point in the past up to the date of this Agreement" and involve causes of action specifically released by Plaintiffs.

It is well-established that employers and employees may negotiate valid releases of employment-related claims under a variety of circumstances, including those in severance packages. *Adams v. Phillip Morris, Inc.*, 67 F.3d 580 (6th Cir. 1995) (citing *Runyon v. Nat'l Cash Register Corp.*, 787 F.2d 1039 (6th Cir. 1986)). The Sixth Circuit applies ordinary contract principles in determining whether such waivers are valid, while remaining alert to ensure that employers do not defeat the policies of employment-related statutes or common law claims at issue by taking advantage of their superior bargaining position or by overreaching. *Runyon*, 787 F.2d at 1044-45.

Typically, the key issue to consider is whether an employee's execution of a release was a knowing and voluntary decision. To resolve this inquiry, courts consider: (1) the plaintiffs experience, background, and education, (2) the amount of time the plaintiff had to consider whether to sign the waiver, including whether the plaintiff had an opportunity to consult with a lawyer prior to signing the waiver, (3) the clarity or the waiver, (4) whether consideration was given for the waiver, and (5) the totality of the circumstances. *Adams*, 67 F.3d at 583.

Consideration of these factors leads the court to conclude that Plaintiffs acted knowingly and voluntarily when entering into their respective Agreements with Insight. First, there is nothing in either Plaintiff's background suggesting they did not understand what they were signing. Second, the Agreement provided each Plaintiff with twenty-one days to review it and seven days to revoke acceptance even after signing. Third, the Agreements clearly state that Plaintiffs were releasing any claims they may have against Insight stemming from their employment or termination with Insight. Fourth, both Plaintiffs were compensated for entering into their Agreements. Insight offered to pay both Plaintiffs their health insurance premiums in the event they decided to elect COBRA coverage and also offered both Plaintiffs job-placement services for ninety days. In addition, Willett was provided with $32,650.00, while Johnson was provided with $22,300.00. These factors all weigh in favor of finding the Agreement valid and enforcement, and the court has been presented with no other circumstance upon which to conclude otherwise.

- 4 -

Yet, Plaintiffs contend that their Agreements "violate key notice provisions of the Older Workers Benefit Protection Act (OWBPA) . . . [and] [t]herefore these Agreements are not valid to operate as waivers of these Plaintiffs' rights to bring their age discrimination claims in this action." However, the OWBPA itself makes clear that it applies strictly to rights or claims "under this Chapter," the Age Discrimination in Employment Act (ADEA). 29 U.S.C. § 626(f)(1). Thus, the statute does not extend to state law claims. This is a point acknowledged by those courts to consider this issue. *See, e.g., Wastak v. Lehigh Valley Health Network*, 342 F.3d 281 (3rd Cir. 2003) (finding that the statutory provisions of the OWBPA apply only to ADEA claims and not to state law claims); *Branker v. Pfizer, Inc.*, 981 F.Supp. 862 (S.D.N.Y. 1997) (stating that the provisions of the OWBPA do not apply to state law claims); *Carr v. Armstrong Air Condition, Inc.*, 817 F.Supp. 54 (N.D. Ohio 1993) (finding violations of OWBPA to invalidate release as to federal ADEA claim but leaving release intact as to state law claims).

As Plaintiffs do not bring their claims under the ADEA, the court finds the provisions of the OWBPA inapplicable. Given that the Agreements are otherwise valid and enforceable, Plaintiffs state claims for which no relief can be granted, and as such, their claims will be dismissed. A separate order will be entered in accordance with this opinion.