UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES WILLETT, et al.                                                                               PLAINTIFFS

v.                                                                                    CIVIL ACTION NO. 3:07-CV-58-S

INSIGHT COMMUNICATIONS CO.                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the plaintiffs, James Willlett and J.J. Johnson, for reconsideration of this court's August 20, 2007, order dismissing their claims against the defendant, Insight Communications Company ("Insight"). For the reasons stated herein, Plaintiffs' motion will be denied.

Plaintiffs again contend that the Older Workers Benefit Protection Act (OWBPA) invalidates the Agreements signed by Plaintiffs under which Plaintiffs each agreed that "in exchange for the considerations" made to them, they release Insight "from any and all claims, lawsuits, and other legal actions... based on events or circumstances arising at any point in the past up to the date of the Agreement. This release of claims includes... AGE DISCRIMINATION under federal, state or local law...." According to Plaintiff, the Agreements violate provisions of the OWBPA prescribing the specific requirements under which a release of the right to sue for age discrimination may be considered valid. 29 U.S.C. § 626(f)(1). Plaintiffs, therefore, contend that the Agreements are not valid to operate as a release of their right to bring state law age discrimination claims.

In this court's August 20, 2007, Memorandum Opinion and Order we noted that the OWBPA makes clear that it applies strictly to rights or claims "under this Chapter," the Age Discrimination

in Employment Act (ADEA).  29 U.S.C. § 626(f)(1).  We held that because Plaintiffs explicitly stated that their claims were brought entirely under state law, and not the ADEA, the provisions of the OWBPA were inapplicable.  We determined that the Agreement was valid and enforceable and dismissed Plaintiffs claims.

In their motion to reconsider, Plaintiffs reassert their argument that insomuch as one of the essential purposes of the age discrimination protection provisions of the Kentucky Civil Rights Act (KCRA), is to carry out the policies embodied in the ADEA, *see* KRS 344.020(1)(a), the statutory requirements for valid waivers under the OWBPA are incorporated into the KCRA.  Plaintiffs essentially urge the court to graft all ADEA provisions, including the OWBPA's waiver requirements, into the KCRA when the KCRA does not include such provisions.  Plaintiffs have cited the court to cases in which Kentucky courts have relied upon decisions interpreting the ADEA and other federal civil rights statutes when assessing discrimination claims brought under state law.  However, Plaintiff has identified no precedent for incorporating the provisions of the OWBPA into the KCRA based solely on the KCRA's general purpose of "provid[ing] for execution within the state of the policies embodied in the [ADEA]."  KRS 344.020(1)(a).

For these reasons and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiffs' motion to reconsider is **DENIED**.

**IT IS SO ORDERED** this